IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CATHOLIC CHARITIES OF THE
   ARCHDIOCESE OF
   PHILADELPHIA, *et al.*,

                 Plaintiffs,

      v.

SYLVIA M. BURWELL, in her official
   capacity as Secretary of the
   Department of Health and
   Human Services, *et al.*,

                 Defendants.

No. 2:14-cv-3096

## DEFENDANTS' REPLY IN SUPPORT OF THEIR
## MOTION TO QUASH SUBPOENAS

In Defendants' Motion to Quash Subpoenas (June 20, 2014), ECF No. 29 ("Defs.' Mot."), defendants demonstrated that plaintiffs' subpoenas—which were emailed to the undersigned on June 19, marking the first time that plaintiffs indicated their intent to elicit testimony from unnamed federal officials at the oral argument scheduled for June 24—are invalid. Plaintiffs' subpoenas must be quashed for four independent reasons: they fail to allow a reasonable time to comply, Fed. R. Civ. P. 45(d)(3)(A)(i); they fail to state the specific persons to whom they are directed, Fed. R. Civ. P. 45(a)(1)(A)(iii); they would require compliance beyond the applicable geographical limits, Fed. R. Civ. P. 45(d)(3)(A)(ii); and the burden that they impose—significant, particularly in light of all of the above—is undue because they seek testimony that is not relevant to this Court's resolution of plaintiffs' preliminary injunction motion, Fed. R. Civ. P. 45(d)(3)(A)(iv).

In their opposition to defendants' motion (June 22, 2014), ECF No. 31 ("Pls.' Opp'n"), plaintiffs have failed to overcome defendants' showing that the subpoenas must be quashed. Plaintiffs have provided no basis for this Court to ignore the fact that fewer than three business days' notice, and less than a full day after service in at least one instance, is not reasonable time for identifying and preparing witnesses and arranging their travel to Philadelphia.[1] Nor have plaintiffs cited any authority for the novel propositions that a subpoena seeking live testimony by unnamed federal officials is proper[2] and that directing such subpoenas to federal agencies' "designees" permits plaintiffs to evade the geographical limitations that Rule 45 imposes.[3]

---

[1] Plaintiffs insinuate that defendants must have such witnesses at the ready given that "these regulations have existed for almost a year and the Government has litigated them time-and-again," Pls.' Opp'n at 8, and yet plaintiffs ignore, as defendants emphasized in their motion, that "in *none* of these suits have courts permitted . . . live testimony from government officials like that which plaintiffs propose here," Defs.' Mot. at 2; *see id.* at 9-10.

[2] *Yousef v. Samantar*, 451 F.3d 248 (D.C. Cir. 2006), upon which plaintiffs primarily rely, *see* Pls.' Opp'n at 9 & n.4, is inapposite. There, the D.C. Circuit addressed whether the government is a "person" for purposes of a Rule 45 "subpoena *duces tecum*." *Yousef* 451 F.3d at 250; *see also Ott v. City of Milwaukee*, 274 F.R.D. 238, 240 (E.D. Wisc. 2011) (applying *Yousef* where a party moved to quash subpoenas *duces tecum*). Even were this Court to find *Yousef* persuasive, it has no bearing here, where plaintiffs' subpoenas—as plaintiffs themselves have elsewhere insisted—"do not seek any production of documents," Pls.' Opp'n at 7, but instead seek live testimony from unnamed federal officials. Plaintiffs are not alone in having found no case law to justify their attempt to import Fed. R. Civ. P. 30(b)(6)—which permits a party to name a government agency as a deponent, and to require the agency to designate an individual to testify on its behalf—into their Rule 45 subpoenas seeking testimony at a court proceeding. The Ninth Circuit, confronting these precise facts, also "discover[ed] no authority for the proposition that the Rule 30 standards should govern Rule 45 subpoenas of witnesses." *Donoghue v. Orange Cnty.*, 848 F.2d 926, 932 (9th Cir. 1987); *see* Defs.' Mot. at 7.

[3] The declarations attached to defendants' motion establish that plaintiffs' subpoenas, in violation of Rule 45, purport to compel individuals to travel more than 100 miles to testify, given that Philadelphia is not in the state where the individuals reside, are employed, or regularly transact business in person. *See, e.g.*, *Havens v. Mar. Commc'ns/Land Mobile, LLC*, Civ.

2

Finally, and most fundamentally, plaintiffs have not even attempted to demonstrate that any of the topics that they propose for testimony by federal officials are relevant to their claims. Defendants do not dispute that "questions of law are decided based on facts." Pls.' Opp'n at 12. Indeed, defendants have not disputed the relevant facts: that the Archdiocese is exempt from the challenged regulations; that the Archdiocese Affiliates are eligible for religious accommodations; and that plaintiffs' desire not to participate in the provision of contraception is a sincere religious belief. *See* Defs.' Opp'n at 11.[4]

---

No. 11-993, 2014 WL 2094035, at *1 (D.N.J., May 20, 2014) (citing Fed. R. Civ. P. 45(c)). The applicable geographical limitations in Rule 45, after all, speak in terms of where "*the person*" being subpoenaed "resides, is employed, or regularly transacts business *in person*." Fed. R. Civ. P. 45(c)(1)(B) (emphasis added). Plaintiffs' arguments to the contrary, *see* Pls.' Opp'n at 10-12, fail for the reasons stated above with regard to plaintiffs' attempt to import the Rule 30 standards into their Rule 45 subpoenas, and plaintiffs have cited no applicable authority to the contrary. Indeed, authority that plaintiffs *do* cite confirms that plaintiffs' interpretation of Rule 45 is only valid—if ever—where the "subpoenas are for the production of documents," such that no individuals "would have to travel in order to comply with the request." *Ott*, 274 F.R.D. at 242.

Plaintiffs' reliance on *Williams v. Asplundh Tree Expert Co.*, No. 05-cv-479, 2006 WL 2598758 (M.D. Fla., Sept. 11, 2006), is misplaced. As plaintiffs themselves note, the magistrate judge in *Williams* determined only that "because [a] corporate designee would be testifying 'on behalf of the corporation' and 'not in his/her individual capacity,' the corporate representative was '*considered a 'party'* regardless of whether he/she resides outside the 100 mile limit.'" Pls.' Opp'n at 11-12 (citation omitted, emphasis added). Here, by contrast, defendants do not contest that the defendant agencies are parties to this case. Rather, defendants argue that plaintiffs' subpoenas must be quashed because, as demonstrated by the declarations submitted with defendants' motion, they would "require[] *a person* to comply beyond" the applicable geographical limits. Fed. R. Civ. P. 45(d)(3)(A)(ii) (emphasis added).

[4] *See also* Defs.' Opp'n, Ex. 3 at 1 (plaintiffs, in their June 6 letter to the Court, stating that they sought to put on evidence at the proposed June 24 court proceeding "if the Government intends to oppose Plaintiffs' factual recitation"); *id.* at 4 (defendants confirming that, in defendants' opposition to plaintiffs' motion for preliminary injunction, defendants "did not oppose plaintiffs' factual recitation").

All that remains to be decided by this Court are legal issues: whether the regulations impose a substantial burden on plaintiffs' religious exercise; if so, whether the regulations are the least restrictive means of serving compelling governmental interests; whether the regulations are neutral and generally applicable; if not, whether the regulations survive strict scrutiny; and whether plaintiffs have satisfied the elements for obtaining preliminary injunctive relief. *See* Defs.' Mot. at 12-13. Every other court to have addressed these issues has done so on the basis of the briefs and the relevant authority, wherein the regulations are thoroughly and conclusively addressed, without the need for live testimony by federal officials. Defendants respectfully request that this Court do the same. In the end, plaintiffs' request "to make a factual record upon which this Court will base its legal conclusions," Pls.' Opp'n at 12, "cannot . . . be squared with fundamental principles of judicial review of agency action," which provide that "[t]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court," *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985) (quotation omitted).[5]

---

[5] Defendants' references to their forthcoming production of the certified administrative record in this case, Defs.' Mot. at 10-11, intimate no "'surprise' evidence" upon which defendants intend to rely in opposing plaintiffs' motion for preliminary injunction. Pls.' Opp'n at 13 n.6. Instead—pursuant to standard practice in lawsuits challenging agency action—the administrative record will be produced concurrently with defendants' filing a motion to dismiss, or in the alternative for summary judgment, following this Court's resolution of plaintiffs' motion for emergency relief. To the extent plaintiffs believe defendants intend to rely on the administrative record at this stage of the proceedings, they are mistaken. Defendants rely only on the legal authority and publically-available materials cited in their brief, all of which will be included in the administrative record. If, however, the Court would benefit from reviewing the whole administrative record as it considers plaintiffs' motion for preliminary injunction, defendants will readily produce it.

4

Instead of rebutting defendants' showing why their subpoenas are invalid and must be quashed, plaintiffs recite a narrative of events that is irrelevant and, in certain material respects, erroneous.

- Defendants' refusal to, in effect, grant plaintiffs the emergency relief they seek by staying this case and agreeing, "[i]n the interim," that the regulations "would not be enforced against [p]laintiffs," Pls.' Opp'n, Ex. B at 1, has no bearing on the validity (or lack thereof) of plaintiffs' subpoenas. Plaintiffs make no attempt to even argue as much. Regardless, as to the facts, the undersigned expressed to plaintiffs' counsel that defendants would certainly consider staying this case until the Third Circuit decides these issues,[6] but could not agree to stay enforcement of regulations applicable to plaintiffs that, as defendants have argued, are not susceptible of plaintiffs' RFRA and First Amendment challenges. Contrary to plaintiffs' claims, this approach is entirely consistent with defendants' practices in other similar cases.[7]

- Plaintiffs make much of the fact that defendants did not agree to a "Stipulation to Undisputed Facts" that plaintiffs proposed. Pls.' Opp'n at 3-4, 5-6; *see id.*, Ex. F. Yet plaintiffs fail to show how any of the "facts" that they put forward in their proposed stipulation have any relevance whatsoever to the propriety of plaintiffs' subpoenas, which seek testimony on topics such as "how a [TPA] communicates with participants in a health plan under the [regulations]." Plaintiffs sought defendants' agreement with all the "facts" that plaintiffs put forward in their complaint and in their motion for preliminary injunction. Pls.' Opp'n, Ex. F at 2.[8] Given the apparent

---

[6] Defendants agree with plaintiffs, on the other hand, that the Supreme Court's decision in "*Hobby Lobby* . . . is not likely to be dispositive" of the issues presented here, Pls.' Opp'n, Ex. B at 1: *Hobby Lobby* concerns for-profit plaintiffs, whereas this case concerns non-profit plaintiffs that are either exempt from the regulations or that are eligible for religious accommodations.

[7] In *Belmont Abbey College v. Sebelius*, No. 13-cv-1831 (D.D.C. Nov. 20, 2013), for example, defendants sought a stay of proceedings pending the D.C. Circuit's decision in an appeal presenting substantially similar issues in part because the stay "[would] not prejudice plaintiff" in that "the challenged regulations do not apply to plaintiff until . . . December 1, 2014." Pls.' Opp'n, Ex. D at 2. Because a decision by the D.C. Circuit is expected well in advance of December 1, the stay defendants requested in that case need not have been, was not, and indeed would not have been accompanied by that which plaintiffs request here: effectively, an injunction in the interim.

[8] Plaintiffs' proposed stipulation was far more broad than that to which defendants agreed in another case, where defendants stipulated to certain "[p]*laintiff-specific* facts" after the court encouraged them to do so. Pls.' Opp'n, Ex. E at 1 (emphasis added).

5

disagreement between plaintiffs and defendants as to what constitutes the "facts" of this case, and plaintiffs' failure to spell out those "facts" in their proposed stipulation, it is difficult to imagine how defendants could join plaintiffs' proposed filing. In any event, and contrary to plaintiffs' account, the undersigned consistently represented to plaintiffs' counsel that, in defendants' view, such a stipulation was unnecessary where defendants would not be contesting either the sincerity of plaintiffs' asserted religious beliefs or plaintiffs' exemption from, or eligibility for religious accommodations to, the regulations. Defendants did not "lull[]" plaintiffs "into inaction." Pls.' Opp'n at 7. Rather, the undersigned consistently stated the position—which defendants continue to stand by—that, in light of the arguments that defendants do (and, more precisely, do not) raise in their opposition to plaintiffs' motion for preliminary injunction, a stipulation is unnecessary because it will not assist this Court's consideration of plaintiffs' claims.

- Finally, defendants were under no obligation to confer with plaintiffs prior to filing their motion to quash. Local Rule 26.1(f) applies to "motion[s] . . . pursuant to the Federal Rules of Civil Procedure *governing discovery*" (emphasis added). Title V of the Federal Rules of Civil Procedure, in turn, governs "disclosures *and discovery*" (emphasis added).[9] Defendants' motion to quash, on the other hand, invokes Fed. R. Civ. P. 45. *E.g.*, Defs.' Mot. at 1. Rule 45 is contained in Title VI of the Federal Rules of Civil Procedure, which governs "trials" and not discovery. Defendants' position in this case and all other similar cases is that discovery is neither helpful nor appropriate. And finally, where plaintiffs waited until fewer than three business days prior to a scheduled oral argument to notify defendants of their intent to elicit testimony from federal officials at that argument, plaintiffs cannot legitimately claim that *they* are the ones prejudiced by a lack of consultation.

None of these issues have any bearing whatsoever on the fact that plaintiffs' subpoenas do not permit a reasonable time to comply, are improperly directed to unnamed federal officials, would require compliance beyond the applicable geographical limits, and impose an undue burden because they seek to elicit irrelevant testimony.

---

[9] The Table of Contents to the Federal Rules of Civil Procedure, which lists the Rules by Title and which offers descriptors for each Title, is available on the U.S. Courts' website at http://www.uscourts.gov/uscourts/rules/civil-procedure.pdf.

For these reasons, and those stated in defendants' opening brief, defendants respectfully request that the Court grant their motion to quash plaintiffs' subpoenas.[10]

Dated: June 23, 2014

Respectfully Submitted,

STUART F. DELERY
Assistant Attorney General

ZANE DAVID MEMEGER
United States Attorney

JENNIFER RICKETTS
Director

SHEILA M. LIEBER
Deputy Director

/s/ *Adam Grogg*
ADAM GROGG (N.Y. Bar)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC 20001
phone: (202) 514-2395
fax: (202) 616-8470
email: adam.a.grogg@usdoj.gov

*Counsel for Defendant*

---

[10] To the extent, despite defendants arguments, that the Court decides to deny defendants' motion, then defendants request in the alternative that the Court modify plaintiffs' subpoenas to specify that defendants' designated witnesses be permitted to testify at an evidentiary hearing to be scheduled not earlier than June 27, 2014, so as to allow defendants to identify and prepare such witnesses and arrange their travel to Philadelphia.

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2014, I electronically filed a copy of the foregoing Reply in Support of Defendants' Motion to Quash Subpoenas. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ *Adam Grogg*
ADAM GROGG